**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DARЕK JONES and MICAH AMMERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBOLL LIMITED, RAMBOLL US CONSULTING, INC., BOARD OF DIRECTORS FOR RAMBOLL US CONSULTING, INC., RAMBOLL US RETIREMENT & SAVINGS PLAN SETTLOR COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN FIDUCIARY COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN INVESTMENT COMMITTEE, and JOHN DOES 1-40,<br><br>Defendants. | ) | **CIVIL ACTION NO.:**<br>5:26-cv-273 (BKS/ML) |

**DECLARATION OF MARK K. GYANDOH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES, APPROVAL OF FORM AND MANNER OF SETTLEMENT NOTICE, AND SCHEDULING A DATE FOR A FAIRNESS HEARING**

I, Mark K. Gyandoh, Esquire, as Class Counsel, declare as follows:

1. I am a member in good standing of the bars of the Commonwealth of Pennsylvania and the State of New Jersey, and I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify competently thereto.

2. I am a partner and chair of the Fiduciary Practice Group at Capozzi Adler, P.C., and have been the lead attorney for my law firm in this litigation representing Plaintiffs and the proposed Settlement Class in the above-captioned action.

***Procedural History***

3. For several months before initiating this action, Plaintiffs consulted with their in-house and consulting experts, reviewed publicly filed plan documents, Plaintiffs' personal account information, and requested and reviewed documents from the Defendants pursuant to ERISA § 104(b)(4).

4. Following their investigation, Plaintiffs, Darek Jones and Micah Ammerman, former participants in the Ramboll US Retirement & Savings Plan (the "Plan"), filed a Class Action Complaint on February 20, 2026. *See* ECF No. 1.

5. On July 2, 2026, Defendants filed and served their Notice of Motion to Dismiss Plaintiffs' Complaint. *See* ECF No. 37.

6. Prior to Plaintiffs' filing their opposition to the Motion to Dismiss, the Parties engaged in meaningful settlement discussions and reached a mutual agreement in principle on July 29, 2026.

7. On July 31, 2026, the Parties filed a Joint Notice of Settlement. *See* ECF No. 28.

***Discovery Practice***

8. Class Counsel conducted extensive informal discovery before filing the Complaint, including reviewing documents provided by Plan participants, engaging with consulting experts, and evaluating the Plan's annual Form 5500s. "The Form 5500—a joint creation of the IRS, the Department of Labor, and the Pension Benefit Guaranty Corporation—is the 'Annual/Return Report of [an] Employee Benefit Plan.'" *Mator v. Wesco Distribution, Inc.*, 102 F.4th 172, 181 (3d Cir. 2024) (quoting the instructions for a Form 5500).

9. As part of the pre-suit investigation, on August 19, 2025 Plaintiffs requested numerous documents and information from Defendants pursuant to Section 104(b)(4) of ERISA.

10. On September 24, 2025, Defendants produced numerous responsive documents in response to Plaintiffs' request.

***Settlement Negotiations***

11. After filing suit, the Parties engaged in active and arms' length negotiations and eventually, the Parties agreed to resolve the litigation for a Gross Settlement Fund of $750,000.00 (Seven Hundred Fifty Thousand Dollars).

12. Prior to Plaintiffs' filing their opposition to Defendants' Motion to Dismiss, the Parties engaged in meaningful settlement discussions and reached a mutual agreement in principle on July 29, 2026.

13. Plaintiffs' basis for potential damages is that the Plan offered an underperforming GIC compared to other GICs available on the market that were not selected. Using conservative GIC comparators, Plaintiffs estimate potential damages to range from $3 million to $4 million during the alleged Class Period.

14. Accordingly, this Settlement represents in Plaintiffs' view, 19%- 25% of Plaintiffs' best-case scenario.

15. It is Plaintiffs' Counsel's opinion that the proposed settlement is fair and reasonable.

***The Settlement Terms***

16. The Settlement provides that Ramboll will pay $750,000.00 (Seven Hundred Fifty Thousand Dollars)– the Gross Settlement Amount – to be allocated to participants on a *pro rata* basis pursuant to the proposed Plan of Allocation (*see* Exhibit C to Settlement Agreement).

17. The Gross Settlement Fund will be used to pay the participants' recoveries, administrative expenses to facilitate the Settlement, and Plaintiffs' Counsel's attorneys' fees and costs, and Class Representatives' Case Contribution Awards if awarded by the Court.

18. The Class Members include all individuals in the Settlement Class, or:

> All persons who were Participants or Beneficiaries in the Ramboll US Retirement & Savings Plan at any time from January 1, 2020 through the date the United States District Court grants preliminary approval of Plaintiffs' Motion for Preliminary Approval of Settlement.

*See* Settlement Agreement, Section 1.45.

19. Class Counsel intends to seek their attorneys' fees not to exceed $250,000 (one third of the Gross Settlement Amount). *See* Settlement Agreement, Section 1.3. Class Counsel also intends to seek to recover unreimbursed reasonable litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation. *Id.* Additionally, Class Counsel intends to seek Class Representatives' Case Contribution Awards in an amount not to exceed $5,000 for each Plaintiff, Darek Jones and Micah Ammerman. *Id*. The approval of the Settlement is not contingent on Plaintiffs' receiving the entire, requested amount of attorneys' fees and costs, or Class Representatives' Case Contribution Awards.

20. Defendants also intend to retain an Independent Fiduciary to approve and authorize the settlement on behalf of the Plan. *See* Settlement Agreement, Article 2.

***Settlement Administration***

21. Plaintiffs have selected Analytics LLC ("Analytics") to be the Settlement Administrator. Analytics is highly experienced in class action claims administration. Upon preliminary approval, Analytics will mail (or e-mail if available), by first class mail, the Court-approved short form postcard notice to Settlement Class members using addresses from

employment records and documents associated with the Plan. Analytics will administer a skip trace and receive updated address information for any notices that are returned for lack of a forwarding address and re-mail the notices to the updated addresses.

22. Additionally, Analytics will establish a settlement website providing Settlement Class members with important case documents, pertinent information, and contact information for the Settlement Administrator, Class counsel, and Defense counsel. The long form class notice will also be posted to the settlement website.

23. Lastly, Analytics will institute a case-specific toll-free number for members to listen to an Interactive Voice Response ("IVR") system or speak with a live agent. The Notice, website, and telephone number will inform Settlement Class members of their rights to object, deadline to object, claims administration procedures for Class Members, Plaintiffs' incentive awards, and Class Counsel's request for attorney's fees and expenses.

***Counsel's Experience***

24. I received both my J.D. (2001) and LLM in trial advocacy (2011) from Temple University School of Law. While at Temple, I was the research editor for the Temple International and Comparative Law Journal. After law school I clerked for a year with the Hon. Dennis J. Braithwaite of the New Jersey State Appellate Court.

25. I have been litigating ERISA fiduciary breach lawsuits for over 21 years, first at my prior firm of Kessler Topaz Meltzer & Check, LLP (KTMC), and currently at Capozzi Adler where, as noted above, I am a partner and chair of the Fiduciary Practice Group. Over my career I have been actively involved in many high-profile ERISA class actions. For example, I was one of the lead attorneys for plaintiffs in *Fifth Third Bancorp, et al., v. Dudenhoeffer, et al.*, 573 U.S. 409, 134 S. Ct. 2459 (2014), a seminal Supreme Court decision that clarified the unwavering duties

owed by fiduciaries to pension plan participants. *See* biography at https://capozziadler.com/mark-k-gyandoh-esquire/.

26. The ERISA team at Capozzi consists of several seasoned senior and junior attorneys, including partners James Maro and Jay Wells, and associate Giulia Conboy, as well as a support staff which includes paralegals and other paraprofessionals who assist in the practice. Their biographies are available at capozziadler.com.

27. Capozzi Adler has significant resources with three office locations. We have been serving clients for over 25 years offering a full range of legal services. I and my firm have been lead or co-lead interim counsel in dozens of ERISA breach of fiduciary duty actions. Recently, Capozzi Adler was appointed class counsel in the following matters: *Winkelman v. Whole Foods Market, Inc*., No. 1:23-cv-01352 (W.D. Tex. Dec. 17, 2024) (ECF No. 39); *Kennedy v. Aegis Media Americas, Inc.*, No. 20-CV-03624, 2023 WL 5294132, at *2 n.1 (S.D.N.Y. Aug. 17, 2023); *McCool v. AHS Mgmt. Co., Inc*., No. 19-cv-01158, 2023 WL 2729161 (M.D. Tenn. Mar. 30, 2023); *Sweet v. Advance Auto Stores Co., Inc.,* No. 21-cv-549, 2023 WL 3959779 (W.D. Va. June 9, 2023); *Huang, v. TriNet HR III, Inc.,* No. 20-cv-2293, 2022 WL 13631836 (M.D. FL. Oct. 21, 2022); *Stengl v. L3Harris Techs., Inc.,* No. 22-cv-572, 2023 WL 11932263 (M.D. Fla. June 5, 2023); *Lucas, v. MGM Resorts International,* 20-cv-01750 (D. Nev. Oct. 20, 2022) (ECF 112); *Nunez, v. B. Braun Medical, Inc*., No. 20-cv-04195 (E.D. Pa. June 30, 2022) (ECF. 69); *Boley v. Universal Health Servs., Inc*., 337 F.R.D. 626 (E.D. Pa. 2021).

28. In the course of prosecuting ERISA class actions such as this, I have supervised the preparation of numerous consolidated pleadings, responses to motions to dismiss, drafting of discovery requests and review of hundreds of thousands of pages of plan-related documents and related documentation, and litigated cases through the summary judgment and trial phases.

29. The firm strives to obtain the best results for class members in every circumstance. We have successfully defeated motions to dismiss similar allegations in numerous actions. *See, e.g., e.g., Macias v. Sisters of Charity of Leavenworth Health Sys*., No. 23-cv-01496 (D. Colo. July 24, 2025) (ECF No. 67); *Stephen v. Trader Joe's Co*., No. 1:25-cv-10212 (D. Mass. July 22, 2025) (ECF No. 47); *Seibert v. Nokia of Am. Corp.,* No. 21-cv-20478, 2024 WL 2316551 (D.N.J. May 22, 2024); *Brown v. MITRE Corp.,* No. 22-cv-10976, 2023 WL 2383772 (D. Mass. Mar. 6, 2023); *Kendall Pharmaceutical Product Development, LLC*, No. 7:20-cv-00071, 2021 WL 1231415 (E.D.N.C. March 31, 2021) (upholding allegations that plan fiduciaries selected higher-priced identical share classes and overpaid for recordkeeping); *Stengl v. L3Harris Techs., Inc.*, No. 22-cv-572, 2023 WL 2633333 (M.D. Fla. Mar. 24, 2023); *Parmer v. Land O'Lakes, Inc*., 518 F. Supp. 3d 1293 (D. Minn. 2021); *Davis v. Magna Int'l of America, Inc.*, No. 20-cv-11060, 2021 WL 1212579 (E.D. Mich. March 31, 2021) (same); *Jones v. Coca-Cola Consolidated, Inc.*, No. 20-cv-00654, 2021 WL 1226551 (W.D.N.C. March 31, 2021) (same); *McCool v. AHS Management Company, Inc.*, No. 19-cv-01158, 2021 WL 826756 (M.D. Tenn. March 4, 2021) (same); *Garnick v. Wake Forest Univ. Baptist Med. Ctr.,* 629 F. Supp. 3d 352 (M.D.N.C. 2022); *In re Medstar ERISA Litig*., No. 20-cv-1984, 2021 WL 391701 (D. Md. Feb. 4, 2021) (same); *Silva v. Evonik Corp*., 2020 WL 12574912 (D.N.J. Dec. 30, 2020) (same); *Moore v. Humana, Inc.*, No. 21-cv-232, 2022 WL 20766504, at *3 (W.D. Ky. Dec. 2, 2022); *Pinnell, v. Teva Pharmaceuticals USA, Inc.*, No. 19-cv-5738, 2020 WL 1531870 (E.D.Pa. Mar. 31, 2020); *Peterson v. Insurance Services Office, Inc*., No. 20-cv-13223, 2021 WL 1382168 (D.N.J. Apr. 13, 2021); *Rosenkrantz, et al., v. Altru Health System,* et al., 20-cv-168, 2021 WL 5868960 (Dec. 10, 2021).

30. We have also been successful at the appellate level resulting in the reversal and remand of wrongly dismissed actions. *See, e.g., Perkins v. United Surgical Partners Int'l, Inc.*,

No. 23-10375, 2024 WL 1574342 (5th Cir. Apr. 11, 2024) (reversing dismissal of ERISA excessive fee action); *Kruchten, v. Ricoh USA, Inc.*, No. 23-1928, 2024 WL 3518308 (3rd Cir. Jul. 24, 2024) (same); *Kong et al. v. Trader Joe's Co.*, No. 20-56415, 2022 WL 1125667 (9th Cir. Apr. 15, 2022) (same); *Davis et al. v. Salesforce.com. Inc. et al.*, No. 21-15867, 2022 WL 1055557 (9th Cir. Apr. 8, 2022) (same). Also, we have successfully obtained affirmance of correctly decided cases. *See, e.g., Hawkins et al. v. Cintas Corp.*, No. 21-3156 (6th Cir. Apr. 27, 2022) (upholding denial of motion to compel arbitration in ERISA case); *Boley v. Universal Health Servs., Inc*., 36 F.4th 124 (3d Cir. 2022) (upholding the grant of class certification).

31. My firm has also engaged in successful settlement negotiations and mediations in ERISA actions, recovering over one hundred million dollars for its clients and class members. *See, e.g., Perkins v. United Surgical Partners International, Inc*., No. 3:21-cv-00973 (N.D. Tex. Oct. 30, 2025) (ECF No. 83); (recovered a $ 1,475,000 class settlement); *Brown v. MITRE Corp*., No. 22-cv-10976 (D. Mass. Feb. 20, 2025) (ECF Nos. 113-114) (recovered a $3,400,000 class settlement); *Hawkins v. Cintas Corp*., No. 19-cv-1062, 2024 WL 3982210 (S.D. Ohio Aug. 27, 2024) (same); *Peterson v. Insurance Services Office, Inc*., No. 3:20-cv-13223 (D.N.J. May 22, 2024) (recovered $4,000,000.00 class settlement); *Garnick v. Wake Forest Univ. Baptist Med*. Ctr., 21-cv-00454 (M.D.N.C. July 2, 2024) (recovered $3,800,000.00 class settlement); *McNeilly v. Spectrum Health System*, No. 20-cv-00870 (W.D. Mich. 2023) (recovered $6,000,000.00 class settlement); *Buescher, v. Brenntag North America, Inc.,* No. 20-cv-00147 (E.D. Pa. 2020) (recovered $2,300,000.00 class settlement); *Davis v. Magna Int'l of Am., Inc.,* No. 20-cv-11060, 2025 WL 66052, at *1 (E.D. Mich. Jan. 10, 2025) (recovered $2,900,00 settlement); *Pinnell v. Teva Pharmaceuticals USA, Inc.,* No. 19-cv-05738-MAK (E.D. Pa. 2019) (settlement in the amount of $2,550,000.00 after successful mediation); *Dean v. Cumulus Media, Inc*., No. 22-cv-

04956 (N.D. Ga. 2023) (recovered $1,000,000.00 settlement); *Loomis v. Nextep, Inc.,* No.: 21-cv-00199 (W.D. Okla. 2023) (recovering $1,100,000.00); *Freck v. Cerner Corp*., No. 20-cv-00043 (W.D. Mo. 2020) (recovered $4,050,000.00 class settlement); *Gerken v. ManTech Int'l Corp.,* No. 20-cv-01536 (E.D. Va. 2020) (recovered $1,200,000.00 class settlement).

32. Capozzi Adler also has the resources and commitment to deploy those resources on behalf of the proposed class in this case and has in fact done so as evidenced by our litigation efforts to date, including conducting discovery.

33. Given my years of experience in this field of law, including trying an analogous case to an unfavorable verdict for plaintiffs *Nunez v. B. Braun Med., Inc*., No. 20-4195 (E.D. Pa. Aug. 18, 2023), I believe the settlement achieved in this case is adequate and certainly reasonable and fair.

***Plaintiffs Are Adequate Class Representatives***

34. Named Plaintiffs support the Settlement and have submitted declarations attesting to the work they have done on this matter.

35. Attached as Exhibit 2 is the Declaration of Darek Jones in Support of the Settlement.

36. Attached as Exhibit 3 is the Declaration of Micah Ammerman in Support of the Settlement.

***Authority Supporting Appropriateness of Class Certification***

37. Having litigated almost exclusively ERISA breach of fiduciary duty actions over my career it is my experience that the types of claims asserted in this action are typically certified.

38. Attached hereto as Exhibit 4 a non-exhaustive list of more than ninety-one (91). decisions from around the country in which courts certified classes in ERISA breach of fiduciary duty actions, like the instant action.

I declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 16th day of October, 2026, in Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire

***Proposed Class Counsel***