EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DARek JONES and MICAH AMMERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>RAMBOLL LIMITED, RAMBOLL US CONSULTING, INC., BOARD OF DIRECTORS FOR RAMBOLL US CONSULTING, INC., RAMBOLL US RETIREMENT & SAVINGS PLAN SETTLOR COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN FIDUCIARY COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN INVESTMENT COMMITTEE, and JOHN DOES 1-40,<br><br>Defendants. | **CIVIL ACTION NO.:**<br>5:26-cv-273 (BKS/ML) |

**CLASS ACTION SETTLEMENT AGREEMENT**

This Class Action Settlement Agreement (the "Settlement Agreement") is entered into between and among the Class Representatives, on behalf of the Plan, all Class Members, and the Defendants.

NOW, THEREFORE, without any admission or concession on the part of the Class Representatives of any lack of merit of the Class Action, and without any admission or concession on the part of Defendants as to the merits of the allegations or claims asserted in the Class Action, and with Defendants specifically denying those claims and allegations, it is hereby STIPULATED AND AGREED, by and among the Settling Parties to this Settlement Agreement, through their respective attorneys, subject to approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Settling Parties hereto from the Settlement Agreement, that all Released Claims as against the Released Parties shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

**1. ARTICLE 1 – DEFINITIONS**

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

1.1. "Action" or "Class Action" means *Jones et al. v. Ramboll Limited et al.*, No. 5:26-cv-00273-BKS-ML, in the United States District Court for the Northern District of New York.

1.2. "Active Account" means an individual investment account in the Plan with a balance greater than $0 as of the time of calculation of the Final Entitlement Amount defined in the Plan of Allocation.

1.3. "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all reasonable fees, expenses, and costs associated with providing the Settlement Notice to the Class Members, including but not limited to the fees of the Plan's Recordkeepers to identify the names and addresses of Class Members; (b) related tax expenses (including taxes and tax expenses as described in Section 4.3); (c) all reasonable expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the fees of the Plan's Recordkeeper(s) associated with implementing this Settlement Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Settlement Administrator and Escrow Agent; (e) all fees and expenses of the Independent Fiduciary, not to exceed $25,000; and (f) all fees, expenses, and costs associated with providing CAFA Notices. Excluded from Administrative Expenses are the Settling Parties' respective legal fees and expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

1.4. "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel. The amount of attorneys' fees for Class Counsel shall not exceed one-third of the Gross Settlement Amount (a maximum amount of $250,000.00), which shall be recovered from the Gross Settlement Amount. Class Counsel also will seek reimbursement for all litigation costs and expenses advanced and carried by Class Counsel for the duration of this Class Action, including the pre-litigation investigation period, not to exceed $75,000.00, which also shall be recovered from the Gross Settlement Amount.

1.5. "Beneficiary" means any individual, trust, estate, or other recipient entitled to receive death benefits payable under the Plan, on either a primary or contingent basis.

1.6. "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

1.7. "CAFA Notice" means notice of this proposed Settlement to the appropriate federal and state officials pursuant to CAFA, to be issued by Defendants' Counsel.

1.8. "Case Contribution Awards" means the monetary amount awarded by the Court to each Class Representative in recognition of the Class Representative's

assistance in the prosecution of this Class Action, for which Class Counsel may seek an amount not exceeding $5,000.00 each for Class Representatives Darek Jones and Micah Ammerman, payable from the Gross Settlement Amount. Any such Case Contribution Award shall be subject to the approval of the Court.

1.9. "Class Counsel" means Capozzi Adler, P.C. "Plaintiffs' Counsel" means the Law Offices of Pullano & Farrow, PLLC. Class Counsel and Plaintiffs' Counsel are mutually exclusive terms.

1.10. "Class Members" means all individuals in the Settlement Class, including the Class Representatives.

1.11. "Class Period" means the period from January 1, 2020 through the date the United States District Court grants preliminary approval of Plaintiffs' Motion for Preliminary Approval of Settlement.

1.12. "Class Representatives" means Darek Jones and Micah Ammerman.

1.13. "Complaint" means the Complaint filed on February 20, 2026 at Docket Number 1.

1.14. "Court" means the United States District Court for Northern District of New York.

1.15. "Current Participant" means a member of the Settlement Class who has an Active Account as of the time of calculation of the Final Entitlement Amount defined in the Plan of Allocation.

1.16. "Defendants" means Ramboll Limited, Ramboll US Consulting, Inc., Board Of Directors For Ramboll US Consulting, Inc., Ramboll US Retirement & Savings Plan Settlor Committee, Ramboll US Retirement & Savings Plan Fiduciary Committee, Ramboll US Retirement & Savings Plan Investment Committee.

1.17. "Defense Counsel" means Jackson Lewis, P.C.

1.18. "Escrow Agent" means Analytics LLC, or another entity approved by the Settling Parties to act as escrow agent for any portion of the Gross Settlement Amount deposited in or accruing in the Qualified Settlement Fund pursuant to this Agreement.

1.19. "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.

1.20. "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections by Class Members to the Settlement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Case Contribution Awards; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23(e).

Subject to the sole discretion of the District Court, the Parties agree that the Fairness Hearing may be conducted telephonically or via videoconference technology.

1.21. "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Approval Order becomes Final is thirty-one (31) calendar days after its entry by the Court.

1.22. "Final Approval Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as **Exhibit E** hereto.

1.23. "Former Participant" means a member of the Settlement Class who does not have an Active Account as of the time of calculation of the Final Entitlement Amount defined in the Plan of Allocation.

1.24. "Gross Settlement Amount" means the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00), contributed to the Qualified Settlement Fund in accordance with Article 4. Defendants will pay or cause this amount to be contributed directly to the Qualified Settlement Fund. The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, Plaintiffs' Counsel, and Class Counsel made by or on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement. Defendants will not make any additional payment in connection with the Settlement of the Class Action.

1.25. "Independent Fiduciary" means a qualified third party, with no relationship to any of the Settling Parties, to be selected and retained by Defendants on behalf of the Plan to serve as an independent fiduciary to the Plan to approve and authorize the settlement of Released Claims on behalf of the Plan in accordance with Section 2.1.

1.26. "Long Form Settlement Notice" or "Long Form Notice" means the long form version of the Settlement Notice, in substantially the form attached hereto as **Exhibit A**, to be posted on the Settlement Website. The Long Form Settlement Notice shall inform Class Members of a Final Fairness Hearing to be held by the Court, on a date to be determined solely by the Court, at which any Class Member

satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) the Class Representatives' Case Contribution Awards.

1.27. "Net Settlement Amount" means the Gross Settlement Amount minus (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) all Case Contribution Awards as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date, and (3) an amount estimated for adjustments of data or calculation errors.

1.28. "Person" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.29. "Plaintiffs" means the Class Representatives and the Class Members.

1.30. "Plan" means the Ramboll US Retirement &Savings Plan, and each of its predecessor plans, successor plans, merged and/or acquired plans, individually and collectively, and any trust created under such plans.

1.31. "Plan of Allocation" means the method of allocating settlement funds to Class Members. A proposed form of the Plan of Allocation is attached hereto as **Exhibit C**.

1.32. "Preliminary Approval Order" means the order of the Court in substantially the form attached hereto as **Exhibit D**, whereby the Court preliminarily approves this Settlement.

1.33. "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

1.34. "Recordkeeper(s)" means the entity or entities that maintain electronic records of the Plan's participants and their individual accounts.

1.35. "Ramboll" means collectively Ramboll Limited and Ramboll US Consulting, Inc.

1.36. "Released Claims" means any and all past, present, and future, actual or potential claims (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable

relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action, accrued or not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity (including on behalf of the Plan), whether accrued or not, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on acts, or failures to act, through the date of the Final Approval Order:

1.36.1. That were asserted in the Class Action or could have been asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, or could have been alleged, in the operative Complaint filed in the Class Action; and/or

1.36.2. That arise out of, relate in any way to, are based on, or have any connection with (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Prudential/Empower Guaranteed Income Fund or the Plan's other investment options or service providers related to the offering of Plan investment options; (b) disclosures or failures to disclose information regarding the Prudential/Empower Guaranteed Income Fund or the Plan's other investment options; (c) the management, oversight or administration of the Plan or its fiduciaries related to offering of the Guaranteed Income Fund or other Plan investment options; or (d) alleged violation of ERISA's prohibited transaction provisions, breach of the duty of loyalty, care, prudence, diversification, breach of the duty to monitor provisions, and/or any other fiduciary duties under ERISA relating to the Plan's investment options, administration, or associated fees, expenses, or costs; and/or

1.36.3. That would be barred by *res judicata* based on entry of the Final Approval Order; and/or

1.36.4. That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any Class Member in accordance with the Plan of Allocation; and/or

1.36.5. That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone.

1.36.6. The Class Representatives, Class Members, and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides that a "general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must

have materially affected his settlement with the debtor," and any similar state, federal or other law, rule or regulation or principle of common law of any domestic governmental entity.

1.36.7. "Released Claims" do not include any claims unrelated to those described in Section 1.36 of this Settlement Agreement that the Class Representatives or the Settlement Class may have regarding the calculation of the value of their respective vested account balances under the terms of the Plan and according to the Plan's records as of the date the Settlement becomes Final. However, other claims asserted, or which could have been asserted in this action for breaches of fiduciary duties under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) or ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) to address the claims asserted in the Complaint are included within the definition of "Released Claims."

1.37. "Released Parties" means (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, boards of trustees, boards of directors, officers, committees and committee members, trustees, directors, partners, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.

1.38. "Representatives" shall mean representatives, attorneys, agents, directors, officers, or employees.

1.39. "Review Proceeding" shall have the meaning set forth in Section 1.21.

1.40. "Settlement" means the settlement consummated under this Settlement Agreement and its exhibits, including any modifications or amendments adopted pursuant to Section 14.13.

1.41. "Settlement Administrator" means Analytics LLC, the entity selected and retained by Class Counsel to administer the Settlement and Plan of Allocation.

1.42. "Settlement Agreement" means this agreement embodying the terms of the Settlement, including any modifications or amendments hereto.

1.43. "Settlement Agreement Execution Date" means the date on which the final signature is applied to this Settlement Agreement.

1.44. "Settlement Class" means all persons who were Participants or Beneficiaries in the Ramboll US Retirement & Savings Plan at any time from January 1, 2020 through the date the United States District Court grants preliminary approval of Plaintiffs' Motion for Preliminary Approval of Settlement.

1.45. "Settlement Effective Date" means the date on which the Final Approval Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 12.

1.46. "Settlement Notice(s)" means collectively the notice to be sent to Class Members identified by the Settlement Administrator via the Long Form Settlement Notice and Short Form Postcard Settlement Notice.

1.47. "Settlement Website" means an internet website established by the Settlement Administrator under the direction of Class Counsel on which Settlement related documents shall be posted, including the date of the Fairness Hearing, Settlement Notice, and the various motions filed in support of approval of the Settlement and request for Attorneys' Fees and Costs.

1.48. "Settling Parties" mean the Defendants and the Class Representatives, respectively on behalf of themselves, the Plan, and each of the Class Members.

1.49. "Short Form Postcard Settlement Notice" or "Postcard Notice" means the version of the Settlement Notice to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as **Exhibit B**, and containing a summary of the information contained in the Long Form Settlement Notice.

1.50. "Successor-In-Interest" shall mean a Person or Party's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

## 2. ARTICLE 2 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS

2.1. Independent Fiduciary. The Independent Fiduciary, retained by the Defendants on behalf of the Plan—Fiduciary Counselors Inc.—shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

2.1.1. The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

2.1.2. The Independent Fiduciary shall notify Defense Counsel of its determination, in writing (with copies to Class Counsel))., That notification shall be delivered no later than ten (10) calendar days before the Fairness Hearing. Should the Independent Fiduciary approve the Settlement, it shall execute and deliver a written release in its capacity as a fiduciary of the Plan and for and on behalf of the Plan coextensive with the release from the Plaintiffs and the Settlement Class Members; that (i) authorizes the Settlement in accordance with Prohibited Transaction Class Exemption 2003-39; and (ii) finds that the Settlement does not constitute a prohibited transaction under ERISA § 406(a).

2.1.3. All reasonable fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement, up to $25,000, will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

2.1.4. Defendants, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

2.1.5. If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within five (5) business days of receipt of the determination.

2.1.6. A copy of the Independent Fiduciary determination letter and report shall be provided to Class Counsel who may file it with the Court in support of Final approval of the Settlement.

2.2. <u>Preliminary Approval</u>. As soon as reasonably possible and subject to any relevant Court Order, the Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Approval Order in substantially the form attached hereto as **Exhibit D**. Defendants will not object to these motions, provided that Class Counsel will incorporate Defendants' reasonable edits into such documents. The Preliminary Approval Order to be presented to the Court shall, among other things:

2.2.1. Certify the Settlement Class, defined in this Settlement Agreement, as a non-opt out class for settlement purposes only under Fed. R. Civ. P. 23(b)(1);

2.2.2. Approve the text of the Settlement Notices for mailing to Class Members;

2.2.3. Determine that under Fed. R. Civ. P. 23(c)(2), the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

2.2.4. Cause the Settlement Administrator to send by first-class mail the Short Form Postcard Settlement Notice to each Class Member identified by the Settlement Administrator based upon the data provided by the Plan's Recordkeeper;

2.2.5. Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan;

2.2.6. Set the Fairness Hearing for no sooner than one-hundred twenty (120) calendar days after the date the motion for entry of the Preliminary Approval Order is filed, in order to determine whether (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Case Contribution Awards, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

2.2.7. Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Fairness Hearing. Any Person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to participate within the time limitation set forth above;

2.2.8. Provide that any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Fairness Hearing; and

2.2.9. Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court.

2.3. Settlement Administrator. Defendants and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third party, including the Plan's Recordkeeper, that are necessary to perform such work shall be an Administrative Expense to be deducted from the Gross Settlement Amount.

2.3.1. The Settlement Administrator must agree in writing to be bound by any stipulated protective orders entered in the Action, confidentiality agreements between the Parties, and any further non-disclosure or security protocol required by the Settling Parties.

2.3.2. The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

2.3.3. At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

2.4. Settlement Notice. Settlement Notice may be accomplished by the most cost-effective means available and consistent with Fed. R. Civ. P. 23(e) and due process. By the date and in the manner set by the Court in the Preliminary Approval Order, and unless otherwise set forth below, the Settlement Administrator shall cause to be sent to each Class Member identified by the Settlement Administrator the Short Form Postcard Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as **Exhibit B** or a form subsequently agreed to by the Settling Parties and approved by the Court. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Short Form Postcard Settlement Notice is returned and re-send such Settlement Notice one additional time.

2.5. CAFA Notice. No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, Counsel for Defendants will prepare and serve the CAFA Notice on the Attorney General of the United States, the Secretary of the Department of Labor, and the state attorneys general, as specified by 28 U.S.C. § 1715.

## 3. ARTICLE 3 – FINAL SETTLEMENT APPROVAL

3.1. No later than thirty (30) days before the date for filing Objections set in the Preliminary Approval Order, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order (**Exhibit E**) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement Agreement. The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

3.1.1. Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

3.1.2. A determination under Fed. R. Civ. P. 23(c)(2) that the Settlement Notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

3.1.3. Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

3.1.4. That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, representatives, predecessors, successors, and assigns) shall be (a) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

3.1.5. That each Class Member shall release the Released Parties, Defense Counsel, Plaintiffs' Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount, any calculations that are part of the allocation and distribution process of the Settlement, and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

3.1.6. That the provisions of Sections 3.1.4 and 3.1.5 shall apply even if any Class Member(s) may thereafter discover facts in addition to or different from those which the Class Member(s) or Plaintiffs' Counsel and Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Member(s) receive a monetary benefit from the Settlement, whether or not such Class Member(s) actually received the Settlement Notice, whether or not such Class Member(s) have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member(s) have been approved or allowed;

3.1.7. That all applicable CAFA requirements have been satisfied;

3.1.8. That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court;

3.1.9. That, with respect to any matters that arise concerning the implementation of distributions to Class Members who are current participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion pursuant to the Plan of Allocation), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan; and

3.1.10. That within thirty (30) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

3.2. The Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry, all Settling Parties, the Settlement Class and the Plan shall be bound by the Settlement Agreement and the Final Approval Order.

## 4. ARTICLE 4 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

4.1. No later than ten (10) business days after the Preliminary Approval Order is approved by the Court, the Settlement Administrator shall establish the Qualified Settlement Fund with the Escrow Agent. The Settling Parties agree that the Qualified Settlement Fund is intended to be, and will be, an interest-bearing "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1. In addition, the Settlement

Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Section 4.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.2. The "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3) shall be the Settlement Administrator. The Settlement Administrator shall timely and properly cause to be filed on behalf of the Qualified Settlement Fund all informational and other tax returns required to be filed in accordance with Treas. Reg. §§ 1.468B-2(k) and -2(l) with respect to the Gross Settlement Amount (including without limitation applying for a taxpayer identification number for the Qualified Settlement Fund pursuant to Internal Revenue Service Form SS-4 and in accordance with Treas. Reg. § 1.468B-2(k)(4)). Such returns as well as any election described in Section 4.1 shall be consistent with this Article 4 and, in all events, shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Qualified Settlement Fund shall be deducted and paid from the Gross Settlement Amount as provided in Section 4.3.

4.3. Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Fund does not qualify as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 4 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 4). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Settlement Administrator out of the Gross Settlement Amount without prior order from the Court. The Settlement Administrator shall ensure compliance with withholding and reporting requirements in accordance with Treas. Reg. § 1.468B-2(l) and shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses; neither the Released Parties, Defense Counsel, nor Class Counsel are responsible for such withholdings, taxes, or tax expenses, nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Settlement Administrator, Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 4.

4.4. Within thirty (30) calendar days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the date the Qualified Settlement Fund is established and the Settlement Administrator (or Class Counsel) has furnished to Defendants and/or Defense Counsel in writing the Qualified Settlement Fund name, IRS W-9 Form, and all necessary wiring instructions, then Defendants shall cause One Hundred Thousand Dollars ($100,000) to be deposited into the Qualified Settlement Fund as the first installment of the Gross Settlement Amount.

4.5. Within thirty (30) calendar days after the Settlement Effective Date, Defendants shall cause the remainder of the Gross Settlement Amount, which is Six Hundred Fifty Thousand Dollars ($650,000), to be deposited into the Qualified Settlement Fund.

4.6. The Settlement Administrator shall, at the written direction of Class Counsel, cause the Escrow Agent to invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall cause the Escrow Agent to reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates or, if prudent, shall hold the proceeds in cash. Defendants are not responsible or liable for these investments.

4.7. The Escrow Agent shall not disburse the Gross Settlement Amount or any portion thereof from the Qualified Settlement Fund except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel on behalf of their respective Settling Parties. Subject to the orders of the Court, the Settlement Administrator is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

4.8. The Escrow Agent, or the Settlement Administrator on its behalf shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, Class Counsel, and Plaintiffs' Counsel have no responsibility for, or any liability for, any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

4.9. No later than February 15 of the year following the calendar year in which Defendants make any transfer of the Gross Settlement Amount, or any other amount, to the Qualified Settlement Fund on behalf of the Transferor pursuant to the terms of this Article 4, Defendants shall timely furnish statements to the Settlement Administrator that comply with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B-3(e)(2)(ii), and shall

attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants make a transfer to the Qualified Settlement Fund.

## 5. ARTICLE 5 - PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND

5.1. Disbursements from Qualified Settlement Fund prior to Settlement Effective Date. Class Counsel, subject to the approval of Defendants, which approval shall not be unreasonably withheld, shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

5.1.1. Settlement Notice Expenses. After entry of the Preliminary Approval Order, the Escrow Agent shall be directed in writing to disburse from the Qualified Settlement Fund an amount sufficient for the payment of costs of the Settlement Notice. Class Counsel has selected the Settlement Administrator to assist with Class Notice. The Settlement Administrator shall enter into a confidentiality agreement and information security agreement to adequately protect information provided to the Settlement Administrator relating to the Settlement. Any costs, expenses, or fees incurred in connection with the administration of this Settlement shall be paid out of the Qualified Settlement Fund. Neither Defendants nor Defense Counsel are responsible for the Settlement Administrator's work, nor may they be held liable for any act or omission by the Settlement Administrator.

5.1.2. For taxes and expenses of the Qualified Settlement Fund as provided in Section 4.3.

5.1.3. For fees and expenses of the Independent Fiduciary. The Escrow Agent shall be directed to disburse money from the Qualified Settlement Fund to pay the reasonable fees and expenses of the Independent Fiduciary, retained pursuant to Article 2, in an amount not to exceed $25,000. To the extent Defendants pay any costs, fees, or expenses to the Independent Fiduciary before proceeds from the Qualified Settlement Fund are available for distribution, the Escrow Agent shall be directed to reimburse Defendants for such amounts.

5.1.4. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement.

5.1.5. For costs and expenses incurred by the Recordkeeper in implementing this Settlement. To the extent Defendants pay these costs, they will have the right to reimbursement of any such sums from the Qualified Settlement Fund.

5.2. Disbursement Following Settlement Effective Date: Following the payment of the second installment of the Gross Settlement Amount as set forth in Section 4.5,

Class Counsel shall direct the Escrow Agent to disburse money from the Qualified Settlement Fund as follows:

5.2.1. For Attorneys' Fees and Costs, as approved by the Court, and no sooner than the Settlement Effective Date.

5.2.2. For Class Representatives' Case Contribution Awards, as approved by the Court, and no sooner than the Settlement Effective Date.

5.2.3. For costs and expenses of the Settlement Administrator in implementing the Plan of Allocation and otherwise administering the Settlement that were not previously paid.

5.2.4. For costs and expenses incurred by the Recordkeeper in implementing this Settlement that were not previously paid. To the extent that Defendants pay these costs, they will have the right to reimbursement of any such sums from the Qualified Settlement Fund.

5.2.5. The Net Settlement Amount will be distributed by the Escrow Agent in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.3. Implementation of the Plan of Allocation. Class Counsel shall propose to the Court a Plan of Allocation, in substantial conformity to the one attached hereto as **Exhibit** C, which shall provide for the calculation, allocation, and distribution of the Net Settlement Amount. The Settlement Administrator shall be exclusively responsible and liable for calculating the amounts payable to the Class Members pursuant to the Plan of Allocation. Upon the Settlement Effective Date, and after the amounts payable pursuant to Sections 5.1 and 5.2 have been disbursed, or, in the case of future estimated expenses or any reimbursements to be paid to Defendants, set aside and withheld, Class Counsel shall direct the Escrow Agent to disburse the Net Settlement Amount as provided by this Settlement Agreement and the Plan of Allocation. The Recordkeeper, or any other entity with appropriate authority with respect to the Plan, shall allocate to Plan accounts of Class Members who are not Former Participants any Net Settlement Amount calculated by the Settlement Administrator according to the Plan of Allocation. Class Counsel shall direct the Settlement Administrator to provide the Recordkeeper with appropriate documentation pursuant to the Plan of Allocation no later than the date of distribution of the Net Settlement Amount. The Settlement Administrator shall promptly notify Class Counsel as to the date(s) and amounts(s) of said allocation(s) made to Class Members who are not Former Participants. The Settlement Administrator shall be responsible for distributing the Net Settlement Amount allocated to the Former Participants as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to distributions to Former Participants. Defendants shall have no responsibility and/or liability related to

the structure or taxability of such distributions to Former Participants. Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall have no responsibility or liability for the Plan of Allocation and shall take no position for or against the Plan of Allocation.

5.4. All checks issued in accordance with the Plan of Allocation shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed one hundred twenty (120) calendar days after issuance remain the property of the Qualified Settlement Fund.

5.5. No sooner than one hundred-eighty (180) calendar days following the Settlement Effective Date, any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs, taxes, and interest earned on the Qualified Settlement Fund, shall be paid to the Plan's trust, to be held in an unallocated account and used to pay reasonable administrative expenses of the Plan that would otherwise be charged to participant accounts, or allocated to participants, as determined by the Plan Administrator. Any amount so received by the Plan's trust (including any earnings thereon) shall be fully used or allocated no later than the last day of the Plan Year following the Plan Year in which such amount is received. Any portion not used to pay such expenses by that date shall be allocated to the accounts of participants as of that date using a reasonable and nondiscriminatory method determined by the Plan Administrator. In no event shall any such amount be used to reduce or offset any Employer contribution or to pay any expense that would otherwise be paid by Defendants.

5.6. Final List of Class Members. Prior to the disbursement of the Net Settlement Amount to the Plan, the Settlement Administrator shall provide to Defense Counsel and Class Counsel a final list of Class Members, in electronic format, to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Such list shall be final, and only persons on the list shall be eligible to receive any recovery from this Settlement.

5.7. After allocation and distribution of the Net Settlement Amount pursuant to the Plan of Allocation, amounts allocable to Class Members who cannot be located or otherwise cannot receive their Settlement payment shall be forwarded to the Plan's trust for the purpose of defraying administrative fees and expenses of the Plan.

## 6. ARTICLE 6 – ATTORNEYS' FEES AND EXPENSES

6.1. Application for Attorneys' Fees and Expenses and Class Representatives' Case Contribution Awards. Class Counsel intends to seek to recover their attorneys' fees not to exceed $250,000.00, and litigation costs and expenses advanced and carried by Class Counsel for the duration of the Class Action, not to exceed $75,000.00, which shall be recovered from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Case Contribution Awards,

in an amount not to exceed $5,000.00 for each Class Representative as defined in Section 1.8 , which shall be recovered from the Gross Settlement Amount.

6.2. Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least thirty (30) calendar days before the deadline set in the Preliminary Approval Order for objections to the proposed Settlement, which may be supplemented thereafter.

## 7. ARTICLE 7 – RELEASE, COVENANT NOT TO SUE AND DISMISSAL

7.1. As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 2.1), and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, whether or not such Class Members may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not any Class Members have received or will receive a monetary benefit from the Settlement, whether or not such Class Members have actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

7.2. As of the Settlement Effective Date, the Class Members and the Plan (subject to Independent Fiduciary approval as required by Section 2.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim that asserts a Released Claim or is based on, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

7.3. Class Counsel, Plaintiffs' Counsel, the Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims as of the execution date hereof. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the entry of the Final Approval Order, be deemed to have, and, by operation of the Final Approval Order, shall have fully, finally, and

forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Members and the Plan acknowledge and shall be deemed by operation of the Final Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

7.4. Each Class Member and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Approval Order, the Class Members shall be conclusively deemed to, and by operation of the Final Approval Order shall, upon entry of the Final Approval Order, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives, the Class Members and the Plan shall, upon entry of the Final Approval Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

7.5. Dismissal With Prejudice. The Class Action and all Released Claims shall be dismissed with prejudice upon entry of Final Approval.

7.6 No Impact on Prior Releases. The Released Claims in the Class Action shall not invalidate or impair any prior release of claims by any Class Members against any of the Released Parties.

## 8. ARTICLE 8 – COVENANTS

The Settling Parties covenant and agree as follows:

8.1. Taxation. Plaintiffs acknowledge that the Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Qualified Settlement Fund or that the Plaintiffs or Class Counsel receive from the Gross Settlement Amount. Plaintiffs further acknowledge that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Qualified Settlement Fund. Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

8.2. Cooperation. Defendants and Defense Counsel shall cooperate with Class Counsel by using reasonable efforts to provide, to the extent reasonably accessible, information to identify Class Members and to implement the Plan of Allocation.

8.2.1. Defendants or Defense Counsel shall work with the Recordkeeper to provide to the Settlement Administrator and/or Class Counsel, as soon as practicable: (1) the names and last known addresses (including e-mail addresses if available) of members of the Settlement Class, as compiled from reasonably accessible electronic records maintained by the Recordkeeper(s); (2) the social security numbers of Settlement Class members in order for the Settlement Administrator to perform a National Change of Address search to update out-of-date addresses; and (3) Plan participant quarterly account data during the Class Period necessary to perform calculations pursuant to the Plan of Allocation. With respect to Plan of Allocation data, the Plan's Recordkeeper shall take commercially reasonable steps to ensure the data provided is complete as it exists in the Recordkeeper's systems. Neither Plaintiffs, Class Counsel, Defendants, or Defense Counsel will be responsible or liable in any way for ensuring the completeness or accuracy of the information provided by the Recordkeeper pursuant to this Subparagraph.

8.2.2. The Settlement Administrator shall use the information provided pursuant to this Subparagraph to compile a preliminary list of Class Members for purposes of sending the Class Notice and calculating payments pursuant to the Plan of Allocation.

8.2.3. Class Counsel and their agents will use any information provided by Defendants, Defense Counsel, and/or the Recordkeepers pursuant to this Article solely for the purpose of providing notice and administering this Settlement and for no other purpose; Class Counsel and their agents will also take all reasonable and necessary steps as required by law to maintain the security and confidentiality of this information.

8.3. The Settling Parties shall reasonably cooperate with each other to effectuate this Settlement, including with respect to the Plan of Allocation, and shall not do anything or take any position inconsistent with obtaining a prompt Final Approval Order approving the Settlement unless expressly permitted by this Settlement Agreement. The Settling Parties shall suspend any and all efforts to prosecute and to defend the Class Action pending entry of the Final Approval Order or, if earlier, termination of the Settlement Agreement.

## 9. ARTICLE 9 – REPRESENTATION AND WARRANTIES

9.1. Settling Parties' Representations and Warranties. The Settling Parties each represent and warrant as follows, and each Settling Party acknowledges that each

other Settling Party is relying on these representations and warranties in entering into this Settlement Agreement:

9.1.1. That they have diligently prepared the case pursuant to the Court's orders; that they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations; that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, as well as the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any Person representing any Settling Party to this Settlement Agreement. Each Settling Party assumes the risk of mistake as to facts or law. Each Settling Party further recognizes that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement.

9.1.2. That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each of the Settling Parties. The Settling Parties each further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all matters pertaining thereto, as he, she, or it deems necessary.

9.2. Signatories' Representations and Warranties. Each Person executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Settling Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## 10. ARTICLE 10 – NO ADMISSION OF LIABILITY

10.1. The Settling Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding, admission or suggestion of any wrongdoing or liability by any Defendants, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding, including, but not limited to, any finding that any party had a fiduciary status under ERISA.

10.2. This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Defendants specifically deny any such liability or wrongdoing and state that they are entering into this Settlement Agreement to eliminate the burden and expense of further litigation. Further, the Class Representatives, while believing that the claims brought in the Class Action have merit, have concluded that the terms of this Settlement Agreement are fair, reasonable, and adequate to the Plan, themselves and members of the Settlement Class given, among other things, the inherent risks, difficulties and delays in complex ERISA litigation such as the Class Action. Neither the fact nor the terms of this Settlement Agreement shall be used or offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Approval Order.

## 11. ARTICLE 11 – CONDITIONS TO FINALITY OF SETTLEMENT

This Settlement shall be contingent upon each of the following conditions in this Article 11 being satisfied. The Settling Parties agree that if any of these conditions is not satisfied, then this Settlement Agreement is terminated (subject to Defendants' right to waive the condition set forth in Section 11.6) and the Class Action will, for all purposes with respect to the Settling Parties, revert to its status as of the Settlement Agreement Execution Date. If the Settlement is terminated pursuant to Article 12, Defendants will not be deemed to have consented to the class certification order referenced in Sections 11.1, the agreements and stipulations in this Settlement Agreement concerning class definition or class certification shall not be used as evidence or argument to support a motion for class certification, and Defendants will retain all rights with respect to challenging class certification.

11.1. Court Approval and Class Certification for Settlement Purposes. The Court shall have certified the Settlement Class for settlement purposes only (and Defendants will not object to this certification for settlement purposes only), the Settlement shall have been approved by the Court, the Court shall have entered the Final Approval Order substantially in the form attached as **Exhibit E** hereto, and the Settlement Effective Date shall have occurred.

11.2. Finality of Settlement. The Settlement shall have become Final.

11.3. Resolution of CAFA Objections (If Any). In the event that any of the government officials who received a CAFA Notice object to and request modifications to the Settlement, Class Representatives and Class Counsel agree to cooperate and work with Defendants and Defense Counsel to overcome such objection(s) and requested modifications. In the event such objection(s) or requested modifications are not overcome, Defendants shall have the right, in their sole discretion, to terminate the Settlement Agreement pursuant to Article 12.

11.4. The United States Department of Labor does not file an objection to the Agreement or Settlement in any court, nor does it bring a claim against any

Releasees relating to the Released Claims, nor does it notify any Releasee that it intends to file such a Claim.

11.5. At least seven (7) calendar days before the Final Fairness Hearing, another party does not file a separate class action that raises comparable claims against the same Releasees during some part of the same class period addressed by this Complaint.

11.6. Settlement Authorized by Independent Fiduciary. At least ten (10) days before the Fairness Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement and given a release to all of the Released Parties in its capacity as fiduciary of the Plan for and on behalf of the Plan in accordance with PTE 2003-39. If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to execute the release on behalf of the Plan, then the Settling Parties may mutually agree to modify the terms of this Settlement Agreement as necessary to facilitate an approval by the Independent Fiduciary and/or the Independent Fiduciary's release on behalf of the Plan. Otherwise, Defendants shall have the option, in their sole discretion, to waive this condition, in which case such option is to be exercised in writing within Five (5) business days after the Defendants' receipt of the Independent Fiduciary's written determination, unless otherwise agreed by the Settling Parties.

## 12. ARTICLE 12 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

12.1. The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

12.1.1. Under Section 2.1, (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39; and (c) Defendants do not exercise the option to waive this condition as provided in Section 11.6;

12.1.2. The Preliminary Approval Order or the Final Approval Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

12.1.3. The Settlement Class is not certified pursuant to Fed. R. Civ. P. 23(b)(1), and/or defined in a form which is otherwise agreed to by the Settling Parties;

12.1.4. This Settlement Agreement is disapproved by the Court or fails to become effective and the Settling Parties do not mutually agree to modify the

Settlement Agreement in order to obtain the Court's approval or otherwise effectuate the Settlement; or

12.1.5. The Preliminary Order or Final Approval Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

12.2. At their sole discretion, Defendants shall have the right to withdraw from this Settlement and terminate the Agreement if at any time, another party files a separate class action that raises comparable claims against the Released Parties for alleged acts or omissions occurring during some part of the same class period addressed by the Complaint.

12.3. If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by the Class Representatives shall for all purposes with respect to the Settling Parties revert to their *status quo ante* as of August 1, 2026, as if the Settling Parties never executed the Settlement Agreement. The remaining amounts left in the Qualified Settlement Fund, plus any interest earned thereon, shall be returned to Defendants within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void or has no further force or effect.

12.4. It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Case Contribution Awards.

## 13. ARTICLE 13 – CONFIDENTIALITY OF THE SETTLEMENT NEGOTIATIONS AND PERMITTED SETTLEMENT-RELATED COMMUNICATIONS

13.1. Except as set forth explicitly below, the Settling Parties, Class Counsel, Plaintiffs' Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' auditors, tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed to the extent such persons are not already bound by confidentiality obligations at least as restrictive as those in this Article 13 and which would otherwise cover the Settlement Agreement; and (b) comply with this Article 13 in all other respects.

13.2. Defendants, Class Representatives, Class Counsel, Plaintiffs' Counsel, and Defense Counsel agree that they will not at any time make (or encourage or induce others to make) any public statement regarding the Class Action or the Settlement that disparages any Released Party, provided, however, that this

prohibition does not preclude Class Counsel from restating the allegations made in the Complaint for purposes of the motion for preliminary approval of the Settlement, motion for final approval of the Settlement, or the request for Attorney's Fees and Costs, Administrative Expenses, and Class Representative Compensation. This prohibition does not prohibit any Settling Party from making any statements pursuant to a valid legal process, a valid request by a regulatory agency, or as required by law.

13.3. Defendants, Class Representatives, Class Counsel, Plaintiffs' Counsel and Defense Counsel agree that they will not issue any press release regarding the Settlement, advertise the Settlement, or affirmatively contact any media sources regarding the Settlement. Defendants may make statements to their employees in the course and scope of employment concerning the litigation and the settlement.

13.4. Defendants, Class Representatives, Class Counsel, Plaintiffs' Counsel and Defense Counsel agree that they will not publicly disclose the terms of the Settlement until after the motion for preliminary approval of the Settlement has been filed with the Court, other than as necessary to administer the Settlement, or unless such disclosure is pursuant to a valid legal process; a valid request by a regulatory agency; or as otherwise required by law, government regulations including corporate reporting obligations, or order of the Court. The Settling Parties further agree that they will not respond to media inquiries regarding the settlement.

## 14. ARTICLE 14 – GENERAL PROVISIONS

14.1. The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

14.2. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party. Nor shall this Settlement Agreement, whether or not consummated, or any negotiations or proceedings hereunder give rise to, be construed as giving rise to, deemed to be giving rise to, or offered or received as evidence giving rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability, by any Released Party, in the Class Action or any other proceeding.

14.3. Defendants and Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action. This Settlement

Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual. Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose.

14.4. Defendants deny all allegations of wrongdoing. Defendants believe that the Plan has been managed, operated, and administered at all relevant times reasonably, lawfully, and prudently, in the best interest of the Plan's participants, and in accordance with ERISA, including the fiduciary duty and prohibited transaction provisions of ERISA.

14.5. None of the Settling Parties, Class Counsel, Plaintiffs' Counsel or Defense Counsel shall have any responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any tax returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

14.6. The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

14.7. The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants, Defense Counsel, Class Counsel, Plaintiffs' Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law with respect to all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

14.8. Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each such Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, Plaintiffs' Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement and shall hold the Released Parties, Defense Counsel, Class Counsel, Plaintiffs' Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit) related to such tax liability.

14.9. Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

14.10. This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, New York law without giving effect to any conflict of law provisions that would cause the application of the laws of any jurisdiction other than New York.

14.11. The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement. Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the U.S. District Court for Northern District of New York or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

14.12. Each Party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel of their own choosing prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that Settling Party by his, her, or its counsel.

14.13. Before entering this Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a

written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and is approved by the Court.

14.14. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving Party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

14.15. Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

14.16. All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: **Exhibit A** – Long Form Settlement Notice of Class Action Settlement and Fairness Hearing; **Exhibit B** – Short Form Postcard Settlement Notice**; Exhibit C** – Plan of Allocation; **Exhibit D** - Preliminary Approval Order; and **Exhibit E** – Final Approval Order.

14.17. No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

14.18. Principles of Interpretation. The following principles of interpretation apply to this Settlement Agreement:

14.18.1. Headings. Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Sections they caption.

14.18.2. Singular and Plural. Definitions apply to the singular and plural forms of each term defined.

14.18.3. Gender. Definitions apply to the masculine, feminine, and neuter genders of each term defined.

14.18.4. References to a Person. References to a Person are also to the Person's permitted successors and assigns, except as otherwise provided herein.

14.18.5. Terms of Inclusion. Whenever the words “include,” “includes,” or “including” are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words “without limitation.”

14.19. Survival. All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No Party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date

14.20. Notices. Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier or via e-mail with a confirmed read receipt:

IF TO CLASS REPRESENTATIVES:

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Tel.: 610.890.0200
Fax: 717.233.4103
markg@capozziadler.com

IF TO DEFENDANTS:

**JACKSON LEWIS P.C.**
Howard Shapiro
Charles F. Seemann
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Tel: 504-208-5827
Fax: 504-208-1759
Email: Howard.Shapiro@jacksonlewis.com
Email: Charles.Seemann@jacksonlewis.com

**RAMBOLL**

Eric Gernant
Head of Global Insurance and Disputes & Litigation Management
333 West Washington Street
Syracuse, NY 13202
Tel: 315-558-9741
Email: eric.gernant@ramboll.com

Any Settling Party may change the address at which it is to receive notice by written notice delivered to the other Settling Parties in the manner described above.

14.21. Entire Agreement. This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto. It specifically supersedes any settlement terms or settlement agreements relating to the Defendants that were previously agreed upon orally or in writing by any of the Settling Parties.

14.22. Counterparts. The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement, via electronic Docusign signature, shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

14.23. Binding Effect. This Settlement Agreement binds and inures to the benefit of the Settling Parties hereto, their assigns, heirs, administrators, executors, and successors.

14.24. Destruction/Return of Confidential Information. Within thirty (30) calendar days after the Final Approval Order, Class Representatives, Plaintiffs' Counsel, and Class Counsel shall fully comply with any stipulated protective orders entered in this case or confidentiality agreements between the Parties. Further, the Settling Parties agree that the preliminary and final lists of Class Members are deemed Confidential. Further, the Settling Parties shall have the right to continue to designate documents provided to any party in connection with this Settlement Agreement as Confidential pursuant to this paragraph or pursuant to any stipulated protective order entered in this case.

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement on the dates set forth below.

Date: October 16, 2026

On Behalf of Plaintiffs, Individually and as Representatives of the Settlement Class:

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Tel.: 610.890.0200
Fax: 717.233.4103
markg@capozziadler.com

Class Counsel for Settlement Class

Date: October 16, 2026

On Behalf of Defendants:

**JACKSON LEWIS P.C.**
Howard Shapiro
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Tel: 504-208-5827
Fax: 504-208-1759
Email: Howard.Shapiro@jacksonlewis.com

Counsel for Defendants

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DARek JONES and MICAH AMMERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBOLL LIMITED, RAMBOLL US CONSULTING, INC., BOARD OF DIRECTORS FOR RAMBOLL US CONSULTING, INC., RAMBOLL US RETIREMENT & SAVINGS PLAN SETTLOR COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN FIDUCIARY COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN INVESTMENT COMMITTEE, and JOHN DOES 1-40,<br><br>Defendants. | **CIVIL ACTION NO.:**<br>5:26-cv-273 (BKS/ML) |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**If you were a Participant or a Beneficiary in the Ramboll US Retirement & Savings Plan with an account balance at any time between January 1, 2020 and [date of preliminary approval order], you may benefit from this class action settlement.**

***A Federal Court authorized this notice. This is not a solicitation from a lawyer.***

This notice advises you of a settlement (the "Settlement") of a lawsuit against Ramboll Limited, Ramboll US Consulting, Inc., Board Of Directors For Ramboll US Consulting, Inc., Ramboll US Retirement & Savings Plan Settlor Committee, Ramboll US Retirement & Savings Plan Fiduciary Committee, and Ramboll US Retirement & Savings Plan Investment Committee (collectively, "Defendants"). In the lawsuit, Plaintiffs allege the Plan fiduciaries failed to prudently monitor the Plan's investment portfolio and allowed substantial assets in the Plan to be invested in the Prudential Guaranteed Income Fund ("Prudential GIF"), a group annuity insurance contract. Plaintiffs also allege Defendants engaged in prohibited transactions under ERISA with a party-in-interest by allowing a party-in-interest, Prudential, to benefit from its provision of services to the Plan by receiving excessive compensation for managing the Prudential GIF. Defendants deny all the allegations in the lawsuit. Defendants maintain their conduct was entirely proper and that they complied with all laws governing ERISA retirement plans ("ERISA Plans").

**YOU SHOULD READ THIS ENTIRE NOTICE CAREFULLY BECAUSE YOUR LEGAL RIGHTS WILL BE AFFECTED, WHETHER YOU ACT OR NOT.**

Your rights and options, and the deadline for you to object if you are opposed to the Settlement, are explained in this Notice.

## WHAT THIS NOTICE CONTAINS

### BASIC INFORMATION

1. Why did I get this Notice? .......... 1
2. What is this lawsuit about? .......... 1
3. What is a class action lawsuit?.......... 1
4. Why is there a settlement? .......... 1
5. How do I get more information about the Settlement?.......... 2
6. Who will administer the Settlement…………2

### THE SETTLEMENT BENEFITS – WHAT

7. What does the Settlement provide?.......... 2
8. How may I benefit from the Settlement? .......... 2
10. What are the Plaintiffs receiving from the Settlement? .......... 3

### THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP

11. What do I give up by participating in the Settlement?.......... 4

### THE LAWYERS REPRESENTING YOU

12. Do I have a lawyer in this case? .......... 4
13. How will the lawyers (Class Counsel) be paid?

### OPTING OUT OF THE SETTLEMENT

14. Can I exclude myself from the Class? .......... 4

### OBJECTING TO THE SETTLEMENT

15. What does it mean to object?.......... 4
16. What is the procedure for objecting to the Settlement? .......... 5

### THE COURT’S FAIRNESS HEARING

17. When/where will the Court decide whether to approve the Settlement? .......... 6
18. Do I have to attend the Fairness Hearing? .......... 6
19. May I speak at the Fairness Hearing? .......... 7

**IF YOU DO NOTHING**

20. What happens if I do nothing at all? .......................................................................... 7

## BASIC INFORMATION

### 1. Why did I get a notice about the Settlement?

You received this notice because the Plan's records indicate that you were a participant in the Plan (or beneficiary of a participant in the Plan) at some point between January 1, 2020, and [date of preliminary approval order]. Your rights will be affected by the Settlement of this lawsuit.

**Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed Settlement are, what rights you have to object to the proposed Settlement, and the deadline to object.**

### 2. What is this lawsuit about?

A lawsuit was filed in the United States District Court for the Northern District of New York. The lawsuit alleges that Defendants violated ERISA—the federal law that governs most retirement plans in the United States. The people who are pursuing the lawsuit ("Plaintiffs") claim that Defendants breached their fiduciary duties under ERISA by imprudently selecting and failing to remove the Prudential Guaranteed Income Fund, a stable value fund, as an investment option for the Plan. Plaintiffs also alleged that Defendants engaged in prohibited transactions under ERISA by allowing a party-in-interest, Prudential, to benefit from its provision of services to the Plan by receiving excessive compensation for managing the Prudential GIF.

Defendants deny all the allegations in the lawsuit. Defendants maintain their conduct was entirely proper and that they complied with all laws governing ERISA Plans. Defendants have asserted, and would assert if the lawsuit continues, a number of defenses to Plaintiffs' claims.

### 3. What is a class action lawsuit?

In a class action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who have similar claims. One court resolves all the issues for all class members in a single lawsuit. Two participants in the Plan are the class representatives in this lawsuit.

### 4. Why is there a Settlement?

The Parties have agreed to the Settlement after extensive negotiations. By agreeing to the Settlement, the Parties avoid the costs and risks of further litigation, and Plaintiffs and other members of the Settlement Class will receive compensation. Class Counsel has reviewed the evidence in the case and the risks and benefits of continued litigation, and they believe the Settlement is in the best interest of the Settlement Class. The Court has not decided that Defendants have done anything wrong.

### 5. How do I get more information about the Settlement?

This notice is only a summary of the lawsuit and the proposed Settlement. It is not a complete description of the lawsuit or the proposed Settlement. For the precise terms and conditions of the Settlement Agreement, please access the Settlement Agreement, available at RambollERISAsettlement.com. You may also obtain a copy by contacting Class Counsel (see answer to question 12 for contact information), or by accessing the Court docket

in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at www.pacer.gov.

If you have questions about this notice or the proposed Settlement, you may contact Class Counsel (see answer to Question 12 for contact information).

**DO NOT CONTACT THE COURT OR THE DEFENDANTS FOR INFORMATION ABOUT THE SETTLEMENT.** *The Settlement Administrator or Class Counsel can answer any questions you may have about the proposed Settlement.*

## THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

### 6. Who Will Administer the Settlement

The Settlement Administrator, Analytics LLC, will administer the Settlement. You may contact the Settlement Administrator by: (a) sending a letter to Ramboll Settlement Administrator, c/o Analytics, ___________________________; (b) sending an e-mail to settlement@capozziadler.com making sure to put "Ramboll Settlement" in the subject line; (c) visiting the Settlement website at www.RambollERISAERISAsettlement.com; or (d) calling toll-free at ____________________.

### 7. What does the Settlement provide?

Plaintiffs and Defendants have agreed to a settlement that involves payments to participants. These and other terms of the Settlement are described in the Settlement Agreement dated ___ and described briefly below.

As part of the Settlement, Defendants have agreed to make a payment of $750,000.00 (the "Settlement Amount"). After deduction of any amounts the Court approves for payment of settlement-related expenses (including Attorneys' Fees and Expenses to Class Counsel, fees for hiring an Independent Fiduciary, Administration Costs, and Taxes and Tax-Related Costs), and any amounts to the Class Representatives as case contribution awards, the remaining amount (known as the "Net Settlement Amount") will be paid in pro rata amounts to Settlement Class Members.

In particular, Class Counsel intends to ask the Court to approve up to one-third of the Gross Settlement Amount for attorneys' fees, which is an amount no greater than $250,000.00. Class Counsel will also seek reimbursement for litigation expenses actually incurred and necessary for the prosecution of the litigation, including the pre-litigation investigation period, not to exceed $75,000.00, which also shall be recovered from the Gross Settlement Amount. In addition, Class Counsel will ask the Court to approve Class Representatives' Case Contribution Awards not to exceed $5,000.00 each for the two Class Representatives.

### 8. How may I benefit from the Settlement?

You may be entitled to receive a pro rata share of the Net Settlement Amount. The amount paid to each eligible Class Member will be determined by a Plan of Allocation approved by the Court and posted to the Settlement Website.

Whether or not a person meets the definition of an eligible Class Member will be based on the Plan's records.

If you are a Plan participant or Beneficiary of a participant and you have an Active Account in the Plan, or you are a Former Participant, you do not need to take any action in order to receive payment under the Settlement. Payments made to participants, or to Beneficiaries of a participant who have Active Accounts in the Plan shall be made into these persons' individual investment accounts in the Plan.

Former Participants do not have Active Accounts in the Plan. Payments made to Former Participants, or to Beneficiaries of Former Participants will be made by check sent by the Settlement Administrator.

### 9. What are the Class Representatives receiving from the Settlement?

The Class Representatives will be entitled to receive benefits of the Settlement because they are Settlement Class Members. In addition, the two named Plaintiffs will apply to the Court for an award of case contribution awards not to exceed $5,000 each for their service in the Action. It is up to the Court to decide whether to grant any or all of the requested amount.

## THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP

### 10. What do I give up in the Settlement?

All Settlement Class Members will release any claims they have related to the lawsuit and will be prohibited from bringing or pursuing any other lawsuits or other actions against Ramboll and other Released Parties based on ERISA claims.

For additional details about the scope of the release, consult the Settlement Agreement or contact Class Counsel. (See answer to question 12 for details.)

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in this case?

Yes. In granting preliminary approval of the proposed Settlement, the Court appointed Capozzi Adler, P.C. to serve as "Class Counsel" for the Settlement Class. The contact information for the attorneys for the Settlement Class are as follows:

Mark K. Gyandoh
Capozzi Adler P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
markg@capozziadler.com

You will not be charged separately for the work of these lawyers; their compensation will come from the Gross Settlement Amount and will be determined by the Court. If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

### 12. How will the lawyers (Class Counsel) be paid?

Class Counsel will file a motion with the Court seeking approval of their compensation, which will consist of (a) attorneys' fees and (b) reimbursement of the expenses they incurred in prosecuting the case. Class Counsel intends to seek attorneys' fees not greater than one-third of the Settlement Amount plus expenses. The motion and supporting papers will be filed on or before **[date]**. After that date, you may review the motion and supporting papers at [www._________settlement.com]. Any attorneys' fees and expenses will be paid from the Gross Settlement Amount.

**13. Can I exclude myself from the Settlement Class?**

No. The Settlement does not allow any Settlement Class Members to exclude themselves from the Settlement or decide not to be a part of the Settlement. While some class-action settlements allow class members to "opt out" of the settlement, because of the nature of the claims Plaintiffs have asserted in this lawsuit, Settlement Class Members do not have any right to opt out. Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the lawsuit for all claims that were asserted in the Action or are otherwise included as Released Claims as defined in the Settlement Agreement.

If you dislike some portion of the Settlement, your only recourse is to object to the Settlement. If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and Class Counsel and Defendants' Counsel, about why you object to the Settlement.

## OBJECTING TO THE SETTLEMENT

**14. What does it mean to object?**

Objecting is simply telling the Court that you do not like something about the Settlement or you disapprove entirely of the Settlement. Objecting will not have any bearing on your right to receive the benefits of the Settlement if it is approved by the Court.

**15. What is the procedure for objecting to the Settlement?**

Settlement Class Members can object to the Settlement and give reasons why they believe that the Court should not approve it. To object, you must send your objection to United States District Court for the Northern District of New York, 100 S. Clinton Street, Syracuse, NY 13261.

Objections must be filed with the Court Clerk on or before [date]. Objections filed after that date may not be considered. Any Settlement Class Member who fails to submit a timely objection will be deemed to have waived any objection, and any untimely objection will be barred absent an order from the Court. Objections must include: (1) the case name and number; (2) your full name, current address, telephone number, and signature; (3) a statement that you are a Settlement Class Member and an explanation of why you claim to be a Settlement Class Member; (4) all grounds for the objection, accompanied by any legal support known to you or your counsel; (5) a statement as to whether you or your counsel intends to personally appear at the Fairness Hearing; and (6) a list of anyone you or your counsel may call to testify at the Fairness Hearing.

## THE COURT'S FAIRNESS HEARING

**16. When/Where will the Court decide whether to approve the Settlement?**

The Court has granted preliminary approval of the proposed Settlement, finding that it is sufficiently reasonable to warrant such preliminary approval, and has approved delivery of this notice to Settlement Class Members. But the Settlement will not take effect unless there is final approval from the Court following an opportunity for Settlement Class Members to object. The Court will hold a Fairness Hearing on [date] at [time]to consider any objections. The Fairness Hearing will take place at the United States District Court for the Northern District

of New York, 100 S. Clinton Street, Syracuse, NY 13261. The date and location of the Fairness Hearing is subject to change by order of the Court, which will appear on the Court's docket for this case and on the Settlement Website. Please continue to check the Settlement Website for updated information.

**17. Do I have to attend the Fairness Hearing?**

No; however, you are welcome to attend at your own expense. If you file an objection to the Settlement, you do not have to go to Court to talk about it. As long as your objection is filed to be received by [ACTUAL DATE TO BE 30 DAYS BEFORE THE FAIRNESS HEARING] and you comply with the requirements in the answer to question 16 above, the Court will consider it. You may also send your own lawyer at your expense to attend the Fairness Hearing.

**18. May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the hearing. Anyone wishing to appear must state in their written objection their intention to appear at the Fairness Hearing, at your own expense.

Objectors or their attorneys intending to participate at the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court no later than [ACTUAL DATE TO BE 7 DAYS BEFORE THE DATE OF FAIRNESS HEARING SPECIFIED IN THE PRELIMINARY APPROVAL ORDER], 2026. Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

**IF YOU DO NOTHING**

**19. What happens if I do nothing at all?**

YOU AND ALL OTHER SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE JUDGMENT AND SETTLEMENT AGREEMENT, INCLUDING THE RELEASE OF ALL CLAIMS, IF YOU DO NOTHING. If you are a participant, or a Beneficiary of a Participant and you have an Active Account in the Plan, you do not need to take any action to be eligible to receive the Settlement benefits. If you are an eligible Former Participant or Beneficiary of a Former Participant, a check will be sent by the Settlement Administrator. as described above in answer to questions 7 and 8.

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER OF
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

EXHIBIT B

| | |
|---|---|
| *Jones et al. v. Ramboll Limited et al.* c/o Analytics Consulting, LLC<br>**[address]**<br><br>***COURT-ORDERED LEGAL NOTICE***<br>*This Notice may affect your legal rights.*<br>*Please read carefully.*<br><br>Important Legal Notice Authorized by the United States District Court for the Northern District of New York<br><br>**If you were a participant in the Ramboll Limited ("Ramboll") US Retirement & Savings Plan (the "Plan") with an account balance between January 1, 2020 and [Preliminary Approval Order], or a beneficiary of such a participant, your rights may be impacted by a proposed settlement of a class action lawsuit.** | [Postage Prepaid]<br><br>Name<br>Address<br>City, State<br>Zip |

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE CLASS ACTION.***

A federal court has authorized this notice. This is not a solicitation from a lawyer. You are receiving this Notice of Class Action Settlement because the records of the Ramboll US Retirement & Savings Plan indicate that you were a participant in the Plan between January 1, 2020 and [the Preliminary Approval Order] (the "Class Period"). This Notice advises you of basic information about your options. More information is available at [www.RambollERISAsettlement.com ].

| **YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT** | |
|---|---|
| | |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED** | If you currently have money in the Plan and are a Settlement Class Member who is entitled to a payment under the Settlement Agreement, any share of the Net Settlement Amount to which you are entitled will be deposited in your Plan account. If you are a Former Participant (no longer a participant in the Plan) and are a Settlement Class Member entitled to a payment under the Settlement Agreement, any money you are entitled to will be paid to you by check. Not all Settlement Class Members will receive a payment, and it may take several months for the payments to be made. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY** ______________ | If you want to object to any part of the Settlement, you may write to the Court to explain why you object. Address your objection to Clerk of the Court, United States District Court for Northern District of New York, 100 S. Clinton Street, Syracuse, NY 13261]. |
| **YOU MAY ATTEND THE FAIRNESS HEARING TO BE HELD ON** ________________ | You may (but do not have to) attend the Fairness Hearing about the Settlement. If you submitted a timely written objection, you may talk to the Court about your objection at that hearing. You may attend the Fairness Hearing even if you do not file a written objection, but the Court may not allow you to speak at the Fairness Hearing if you have not timely filed an objection as described in the answers to Question No. 19 in the Long Form Settlement Notice available on the website. |

**DO NOT CONTACT THE COURT OR RAMBOLL FOR INFORMATION ABOUT THE SETTLEMENT.**

**If you have questions, call (xxx) xxx-xxxx, email *settlement@capozziadler.com* (writing "Ramboll Settlement" in the subject line), or visit www.rambollERISAsettlement.com.**

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DARek JONES and MICAH AMMERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBOLL LIMITED, RAMBOLL US CONSULTING, INC., BOARD OF DIRECTORS FOR RAMBOLL US CONSULTING, INC., RAMBOLL US RETIREMENT & SAVINGS PLAN SETTLOR COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN FIDUCIARY COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN INVESTMENT COMMITTEE, and JOHN DOES 1-40,<br><br>Defendants. | **CIVIL ACTION NO.:**<br>5:26-cv-273 (BKS/ML) |

**PLAN OF ALLOCATION**

**1.1** Each capitalized term below has the definition provided in the Settlement Agreement.

**1.2** After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Plan for payments to the accounts of Current Participants as set forth in Paragraph 1.6 below, and to Former Participants as set forth in Paragraph 1.7 below, both in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

**1.3** To be eligible for a payment from the Net Settlement Amount, a person must be a Current Participant, Former Participant, or Beneficiary. Current Participants, as well as Beneficiaries with Active Accounts, shall receive their settlement payments as additions to their Active Accounts, as provided for in Paragraph 1.6 below. Former Participants, as well as Beneficiaries, who do not have Active Accounts, shall receive their settlement payments in the form of checks, as provided in Paragraph 1.7 below.

**1.4** Beneficiaries will receive settlement payments, as described in this Plan of Allocation, in amounts corresponding to their entitlement as Beneficiaries of the Current Participant or of the Former Participant with respect to which the payment is made. This includes settlement payments to Beneficiaries based upon the Current Participant's or Former Participant's Plan account(s) during the Class Period and/or by the Beneficiary's own Plan account(s) during the Class Period, if an account was created in the Plan for the Beneficiary. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

**1.5** **Calculation of Settlement Payments.** Payments to Current Participants, Former Participants, or Beneficiaries, shall be calculated by the Settlement Administrator as follows:

**1.5.1** The Settlement Administrator shall determine an Average Settlement Score, defined as follows:

Each Current Participant and Former Participant's average, aggregate Plan balance invested in the Prudential Guaranteed Income Fund at the beginning of each quarter for the period from January 1, 2020 and ending on the date the United States District Court grants preliminary approval of Plaintiffs' Motion for Preliminary Approval of Settlement.[1]

**1.5.2** The Settlement Administrator shall determine each Current Participant and Former Participant's

---

[1] Mathematically stated, the Average Settlement Score shall be calculated as follows:

(Q2 2020 beginning Account Balance) + (Q2 2020 Account Balance) + (Q3 2020 Account Balance) + (Q4 2020 Account Balance) + (Q1 2021 Account Balance) + (Q2 2021 Account Balance) + (Q3 2021 Account Balance) + (Q4 2021 Account Balance) + (Q1 2022 Account Balance) + (Q2 2022 Account Balance) + (Q3 2022 Account Balance) + (Q4 2022 Account Balance) + (Q1 2023 Account Balance) + (Q2 2023 Account Balance) + (Q4 2023 Account Balance) + (Q1 2024 Account Balance) + (Q2 2024 Account Balance) + (Q3 2024 Account Balance) + (Q4 2024 Account Balance) + (Q1 2025 Account Balance) + (Q2 2025 Account Balance) + (Q3 2025 Account Balance) + (Q4 2025 Account Balance) + (Q1 2026 Account Balance) + (Q2 2026 Account Balance) + (Q3 2026 Account Balance) + (Q4 2026 Account Balance)

*Divided by*

27 quarters during the Class Period.

Preliminary Entitlement Amount by calculating each individual's pro rata share of the Net Settlement Amount, based on his or her Average Settlement Score compared to the sum of all Current Participant and Former Participant's Average Settlement Scores.

**1.5.3** If the dollar amount of the settlement payment to a Former Participant, or a Beneficiary who does not have an Active Account, is initially calculated by the Settlement Administrator to be $9.99 or less, then that person's payment shall be $0.00. The Settlement Administrator shall recalculate the entitlement amount excluding those Former Participants receiving $9.99 or less. The resulting calculation shall be the "Final Entitlement Amount" for each Settlement Class Member entitled to a distribution. The sum of the Final Entitlement Amount for each remaining Settlement Class Member must equal the dollar amount of the Net Settlement Amount.

**1.5.4** The Settlement Administrator shall utilize the calculations required to be performed herein for:

- (a) making the required payments to Former Participants, and to Beneficiaries who do not have Active Accounts, under Paragraph 1.7 of this Plan of Allocation; and

- (b) instructing the Plan as to the amount of the Net Settlement Amount to be allocated to Current Participants, and to Beneficiaries who have Active Accounts, under Paragraph 1.6 of this Plan of Allocation and calculating the total amount to deposit into each of their Active Account(s) to fulfill this instruction.

**1.5.5** The total amount of checks to be paid by the Settlement Administrator for Former Participants, and Beneficiaries who do not have Active Accounts, plus the total amount of all allocations that the Plan are instructed to make to Current Participants, and Beneficiaries who have Active Accounts, may not exceed the Net Settlement Amount. Nothing in this Paragraph 1.5 is intended to modify the requirements of Paragraph 1.8 below. In the event that the Settlement Administrator determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the

Settlement Administrator is authorized and required to make such *pro rata* changes as are necessary to the Plan of Allocation such that said total does not exceed the Net Settlement Amount.

**1.6 Payments to Current Participants and Beneficiaries with Active Accounts.** Current Participants, and Beneficiaries who have Active Accounts, will not be required to submit a Former Participant Claim Form to receive a settlement payment.

**1.6.1** Within a reasonable time after the Settlement Administrator has completed all payment calculations for all participants, and Beneficiaries who have Active Accounts, the Settlement Administrator will provide the Plan's Recordkeeper, in a format and via a delivery method mutually agreed upon by the Settlement Administrator and the Plan's Recordkeeper, an Excel spreadsheet containing the name, Social Security number (or alternative identifier(s) mutually acceptable), and amount of the settlement payment to be made into the Active Account(s) for each of these persons. In the event the Excel spreadsheet includes Social Security numbers, the Settlement Administrator will transmit the spreadsheet in a manner to protect the confidentiality of any such Social Security numbers.

**1.6.2** Thereafter, within ten (10) business days' written notice to the Plan and the Plan's Recordkeeper, the Settlement Administrator shall effect a transfer from the Settlement Fund to the trust for the Plan of the aggregate amount of all settlement payments payable to Current Participants, and Beneficiaries who have Active Accounts, as reflected in the spreadsheet provided by the Settlement Administrator. Defendants (or their designee) shall direct the Plan's Recordkeeper to credit the individual Active Account(s) of each such person in the amount stated on the spreadsheet provided by the Settlement Administrator in relation to each such person.

**1.6.3** The settlement payment for each Current Participant who is an active participant in the Plan (*i.e.*, has the right to make contributions to the Plan), will be invested in accordance with and proportionate to such participant's investment elections then on file for new contributions. If the Current Participant is no longer an active participant in the Plan, or does not have an investment election on file, then such participant shall be deemed to

have directed such payment to be invested in the Plan's default investment option. Likewise, the settlement payment to each Beneficiary who has an Active Account will be invested in accordance with and proportionate to such person's investment elections then on file, or if such a person does not have investment elections on file, then such persons will be deemed to have directed such payments to be invested in the Plan's default investment option.

**1.6.4** The Plan's Recordkeeper shall process all settlement payments to Current Participants and Beneficiaries who have Active Accounts, as soon as administratively feasible after the Plan receives the payment from the Settlement Fund and the Excel spreadsheet containing the agreed-upon information.

**1.6.5** If, as of the date when payments pursuant to this Settlement Agreement are made, a Current Participant or Beneficiary who had an Active Account when the Settlement Administrator provided the information described in Section 1.6.1, no longer has an Active Account, he, she, or they will be treated as a Former Participant for purposes of the settlement distribution only and will receive his, her, or their payment from the Settlement Administrator in the form of a check as described in Paragraph 1.7.

**1.7** **Payments to Former Participants and Beneficiaries without Active Accounts.** Each Former Participant and Beneficiary who does not have an Active Account will receive his, her, or their settlement payment directly by check.

**1.7.1** The Settlement Administrator will issue a check from the Settlement Fund to the Former Participant or Beneficiary without an Active Account and mail the check to the address of such person listed in his, her, or their Former Participant Claim Form, or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means.

**1.7.2** The Settlement Administrator shall: (i) calculate and withhold any applicable taxes associated with the payments allocable to the Former Participant or Beneficiary without an Active Account; (ii) report such payments and remit such tax withholdings to the Internal

Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to these persons.

**1.8** If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties agree to promptly discuss modifications to the terms of this Plan of Allocation and present such modified terms to the Court for its approval. Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted by the Settlement Administrator on the Settlement Website.

**1.9** The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

**1.10** Within thirty (30) calendar days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the date(s) upon which the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form; (b) the name of each Class Member whose Settlement Notice and/or Former Participant Claim Form was returned as undeliverable; and (c) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice and/or Former Participant Claim Form for each such Class Member.

**1.11** To the extent that any portion of any settlement payment is subject to income or other form of taxation, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Settlement Fund shall not be treated as wages by the Parties.

**1.12** Each Class Member who receives a payment under the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.

**1.13** All checks issued pursuant to this Plan of Allocation shall expire one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall be returned to the Settlement Fund.

**1.14** No sooner than one hundred-eighty (180) calendar days following the Settlement Effective Date, any Net Settlement Amount remaining in the

Settlement Fund after payments, including costs and taxes, shall be paid to the Plan, in accordance with Paragraph 5.5 of the Settlement Agreement, for the purpose of defraying reasonable administrative expenses of the Plan that would otherwise be charged to participant accounts, or allocated to participants, as determined by the Plan Administrator. Any amount so received by the Plan's trust (including any earnings thereon) shall be fully used or allocated no later than the last day of the Plan Year following the Plan Year in which such amount is received. Any portion not used to pay such expenses by that date shall be allocated to the accounts of participants as of that date using a reasonable and nondiscriminatory method determined by the Plan Administrator. In no event shall any such amount be used to reduce or offset any Employer contribution or to pay any expense that would otherwise be paid by Defendants.

4937-0723-6054, v. 2

EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DARek JONES and MICAH AMMERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>RAMBOLL LIMITED, RAMBOLL US CONSULTING, INC., BOARD OF DIRECTORS FOR RAMBOLL US CONSULTING, INC., RAMBOLL US RETIREMENT & SAVINGS PLAN SETTLOR COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN FIDUCIARY COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN INVESTMENT COMMITTEE, and JOHN DOES 1-40,<br><br>Defendants. | ) | **CIVIL ACTION NO.:**<br>5:26-cv-273 (BKS/ML) |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE AND SCHEDULING A FAIRNESS HEARING**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), with respect to the Ramboll US Retirement & Savings Plan (the "Plan"). The terms of the Settlement are set out in the Settlement Agreement, fully executed as of __________, by counsel on behalf of the Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to the pleadings filed on October 16, 2026, including Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Class for Settlement Purposes, Approval of Form and Manner of Class Notice, and Scheduling of a Fairness Hearing, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement and the matter, having come before the Court at the Preliminary Approval Hearing held ______________________, and the Court having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All persons who participated in Ramboll US Retirement & Savings Plan at any time from January 1, 2020 through [date of preliminary approval order] ("Class Period"), including any Beneficiary at any time during the Class Period.

2. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from Plan records and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class that the Plaintiffs seek to certify;

(d) as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class;

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3. The Court preliminarily appoints Plaintiffs Darek Jones and Micah Ammerman as Class Representatives for the Settlement Class, and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

4. **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

a) The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

b) Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable and adequate;

c) If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d) The amount of the Settlement – seven hundred fifty thousand dollars ($750,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Class Settlement Amount is efficient, relying on the Plan's records and requiring no filing of claims

for Current or Former Participants. The Settlement terms related to attorneys' fees do not raise any initial questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

e) At all times, Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f) The proposed Plan of Allocation is fair, reasonable, and adequate.

5. **Establishment of Qualified Settlement Fund –** A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate

until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts,

disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6. **Fairness Hearing** – A Fairness Hearing is scheduled for ____________________ [more than 120 days after entry of this Order] to make a final determination, concerning among other things:

- Any objections from Class Members to the Settlement or any aspects of it.
- Whether the Settlement merits final approval as fair, reasonable, and adequate;
- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;
- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;
- Whether the proposed Plan of Allocation should be granted final approval; and
- Whether Class Counsel's application(s) for Attorneys' Fees and Costs and Case Contribution Awards to Plaintiffs are fair and reasonable and should be approved.

7. **Settlement Notice and Former Participant Claim Form** – The Court approves the Long Form and Short Form Postcard Settlement Notices ("Notices") attached as Exhibits A and B, respectively to the Settlement Agreement to the Settlement Agreement. The Parties may

make non-substantive changes to the Notices, such as filling in the applicable dates and correcting typographical, and other non-substantive errors. The Court finds that the Notices, taken together, fairly and adequately: (a) describe the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notify the Former Participants and Beneficiaries; (c) notify the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a Case Contribution Award for Plaintiffs for their service in such capacity; (d) give notice to the Settlement Class of the time and place of the Fairness Hearing; and (e) describe how the recipients of the Settlement Notice may object to any of the relief requested.

8. **Settlement Administrator** – The Court hereby approves the appointment of Analytics LLC ("Analytics") as the Settlement Administrator for the Settlement. The Court directs that the Settlement Administrator shall:

- By no later than __________________ (sixty days after entry of this Order), cause the Short Form Postcard Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address or electronic mail address of each member of the Settlement Class who can be identified through reasonable effort. Prior to mailing the Short Form Postcard Settlement Notice, Analytics shall conduct advanced address research (via skip-trace databases) in order to identify current mailing address information for the Settlement Class members. Additionally, Analytics must update the Settlement Class member address information using data from the National Change of Address database. After mailing the Short Form Postcard Settlement Notice, Analytics shall use

commercially reasonable efforts to locate any Class Member whose Short Form Postcard Settlement Notice is returned and re-send such documents one additional time.

- By no later than ______________________ (forty-five days after entry of this Order), cause the Long Form Settlement Notice along with the Former Participant Claim Form to be published on the website identified in the Short Form Postcard Settlement Notice, www.RambollERISASettlement.com which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.
- The Court finds that the contents of the Notices and the process described herein and in the Settlement are the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and Due Process.

9. **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards—**Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to Plaintiffs, and all briefs in support thereof, shall be filed no later than ____________________ (thirty days before the filing of objections in this Order).

10. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than ________________________ (thirty days before the filing of objections in this Order).

11. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the

Settlement out of the Settlement Fund, or to the request for a Case Contribution Award for Plaintiffs. An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for filing objections with the Court is as follows:

**Clerk of the Court**
**United States District Court**
**Northern District of New York**
**100 S. Clinton Street**
**Syracuse, NY 13261**
**Re: *Jones et al. v. Ramboll Limited. et al.*,**
**No 5:26-cv-00273-BKS-ML**

The objector or his, her, or its counsel (if any) must file the objection(s) and supporting materials with the Court no later than _____________ (thirty days before the date of the Fairness Hearing specified in this Order). If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than __________________ (thirty days before the date of the Fairness Hearing specified in this Order). Any member of the Settlement Class who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection may be barred. Any responses to objections shall be filed with the Court no later than ______________________ (seven days before the date of the Fairness Hearing specified in this Order). There shall be no reply briefs.

12. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than _________________________ (seven days before the date of the Fairness Hearing).

13. **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than ___________________ (seven days before the date of Fairness Hearing). Any objectors, or their counsel, who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown, at the discretion of the United States District Judge.

14. **Notice Expenses** – The expenses of printing, mailing, and publishing the Notices required herein shall be paid exclusively from the Qualified Settlement Fund.

15. **Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

16. **Continuance of Fairness Hearing** – The Court reserves the sole right to re-schedule the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be conducted by telephone or video conference, at the Court's sole discretion.

SO ORDERED this ____ day of _________, 2026.

_____________________________
Hon. Brenda K. Sannes
United States District Judge

EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAREK JONES and MICAH AMMERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBOLL LIMITED, RAMBOLL US CONSULTING, INC., BOARD OF DIRECTORS FOR RAMBOLL US CONSULTING, INC., RAMBOLL US RETIREMENT & SAVINGS PLAN SETTLOR COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN FIDUCIARY COMMITTEE, RAMBOLL US RETIREMENT & SAVINGS PLAN INVESTMENT COMMITTEE, and JOHN DOES 1-40,<br><br>Defendants. | **CIVIL ACTION NO.:**<br>5:26-cv-273 (BKS/ML) |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

This Action came before the Court for hearing on __________________ to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Scheduling a Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of Plaintiffs, all Class Members, and Defendants, respectively.

1. The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

2. For the sole purpose of settling and resolving the Class Action, the Court certifies the Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

> All persons who participated in Ramboll US Retirement & Savings Plan at any time from January 1, 2020 through [date of preliminary approval order] ("Class Period"), including any Beneficiary of a participant during the Class Period.

3. The Court finds for the sole purpose of settling and resolving the Action that:

(a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from Plan records and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class that the Plaintiffs seek to certify;

(d) as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class;

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i)

inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4. The Court hereby appoints Plaintiffs Darek Jones and Micah Ammerman. The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Awards to Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the claims procedure for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts and the

procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

5. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

6. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a) The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b) Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d) The amount of the Settlement – Seven Hundred Fifty Thousand Dollars ($750,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Settlement Fund is efficient and requires no filing of claims for Participants, Beneficiaries, and Former Participants. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

(e) At all times, Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f) The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

7. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the pro rata share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

8. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., have been met.

10. The releases and covenants not to sue set forth in the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, the Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from all Released Claims, regardless of whether any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims; regardless of whether any Class Member receives a monetary benefit from the Settlement—some may not, actually received the Settlement Notice, filed an objection to

the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses; and regardless of whether the objections or claims for distribution of any such Class Member have been approved or allowed.

11. The Plan, the Class Representatives, and Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims.

12. The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

13. Each Class Member hereby releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses, regardless of whether any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims; regardless of whether any Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses; and

regardless of whether the objections or claims for distribution of any such Class Member have approved or allowed.

14. The Complaint and all Released Claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

15. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and Case Contribution Awards to Plaintiffs, and reimbursements of litigation costs, submitted pursuant to the Settlement Agreement.

16. Any motion to enforce this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order or Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

17. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order and Judgment shall be rendered null and void, ab initio, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule and/or trial schedule.

18. With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

19. Within thirty (30) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

20. Upon entry of this Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Order and Judgment.

21. **Final Approval Granted:** The Motion for Final Approval of the Settlement is hereby GRANTED, the settlement of the Action is APPROVED as fair, reasonable and adequate to the Plan and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

22. **Judgment:** The Court hereby enters judgment on all claims, counts, and causes of action alleged in the Class Action. Notwithstanding the reservation of jurisdiction in Paragraph 15 of this Final Approval Order, this is a final and appealable judgment that ends the litigation of the Class Action. The Clerk is directed to enter this judgment in the civil docket forthwith.

SO ORDERED this ____ day of _________, 2027.

______________________________
Hon. Brenda K. Sannes
United States District Judge